FILED

**NOT FOR PUBLICATION**

JUL 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONGLIANG WANG, | No. 12-73103 |
| Petitioner, | Agency No. A200-788-385 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2015**

Before:     CANBY, BEA, and MURGUIA, Circuit Judges.

Dongliang Wang, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's order denying his motion to reopen and rescind his in absentia removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for

---

    * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Wang's motion to reopen on the ground that notice of his hearing was proper, where notice of his hearing was sent by regular mail to the address he provided, was not returned as undeliverable, and Wang failed to overcome the presumption of effective service by regular mail. *See* 8 C.F.R. § 1003.23(b)(4)(ii) (a motion to reopen to rescind an in absentia removal order may be "filed at any time if the alien demonstrates that he or she did not receive notice" of the hearing); *Sembiring v. Gonzales*, 499 F.3d 981, 986 (9th Cir. 2007) (describing evidence sufficient to overcome presumption of effective service by regular mail).

Nor did the agency violate Wang's due process rights, as notice of his hearing was reasonably calculated to reach him. *Popa v. Holder*, 571 F.3d 890, 897 (9th Cir. 2009) ("Due process is satisfied if service is conducted in a manner reasonably calculated to ensure that notice reaches the alien," even if the alien does not actually receive the notice. (internal citation and quotation marks omitted)).

To the extent Wang challenges the agency's decision not to reopen sua sponte, we lack jurisdiction to consider that contention. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

Wang's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**